**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1140**

SUKHBIR SINGH,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 2, 2009     Decided:  December 30, 2009

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Nicholas J. Mundy, NICHOLAS J. MUNDY, PLLC, Brooklyn, New York, for Petitioner.  Tony West, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Andrew B. Insenga, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sukhbir Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his second motion to reopen. We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992); Stewart v. U.S. INS, 181 F.3d 587, 595 (4th Cir. 1999). Motions to reopen "are disfavored . . . [because] every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Doherty, 502 U.S. at 323. The court will reverse the Board's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

By regulation, a motion to reopen "must be filed no later than 90 days" after the date on which the administrative decision at issue becomes final. 8 C.F.R. § 1003.2(c)(2) (2009). The ninety day time limit does not apply (1) if the alien is claiming "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006), or (2) if

the alien is seeking to reopen a removal order entered in absentia and files the motion within 180 days of the entry of the order of removal or if the alien failed to receive notice of the hearing or did not appear through no fault of the alien because the alien was in federal or state custody. See 8 C.F.R. § 1003.23(b)(4)(ii) (2009).

Insofar as Singh believes he did not receive proper notice of the hearing, that issue is abandoned because he does not raise the issue in his opening brief. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999). We further find the Board did not abuse its discretion in dismissing the appeal because Singh failed to show he was entitled to any of the relief he was seeking.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3